

ORDERED in the Southern District of Florida on April 23, 2025.

_____
**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CAITLIN ANNETTE DONATO,   CASE NO. 24-14815-SMG
                          CHAPTER 7

    Debtor.
_____/

**ORDER GRANTING MOTION TO APPROVE SALE OF REAL PROPERTY**
**FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**

THIS MATTER came before the court for hearing on April 23, 2025 at 10 a.m. on the Motion to Approve the Sale of Real Property Free and Clear of Liens, Claims and Encumbrances ("Motion") [ECF 35 and amended ECF 38] filed by Kenneth A Welt, the duly appointed Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Caitlin Annette

Donato, and the court having heard arguments of counsel, being advised of an agreement among the parties, and for reasons on the record, it is hereby

**ORDERED AND AJUDGED As Follows**:

1. The Motion is GRANTED.
2. The sale of the property located at 6955 SW 148 Lane, Davie, FL 33331 is approved, free and clear of all liens, claims, encumbrances, and interests, with liens, claims and encumbrances to attach to the proceeds;
3. The court finds that the proposed buyer is a good-faith purchaser entitled to the protections of § 363(m) of the Bankruptcy Code;
4. The court finds that the Trustee is authorized to execute any and all documents necessary to facilitate the closing of the proposed sale;
5. The court approves the payment of the brokers' commissions pursuant to the Listing Agreement and HUD attached to the Motion as well as the carveout to the estate (carveout was originally estimated at $50,000 however may be less due to passage of time);
6. The court approves the payments to satisfy the outstanding liens, outstanding taxes and other normal closing costs that may be due, as outlined in the Motion and HUD attached thereto, with the exception that any proceeds that would otherwise be paid to the Seller will be paid to the second lienholder, Huntington National Bank instead.
7. As outlined in the motion, any Surplus that may exist from the carveout, after paying all other creditors, shall be paid to Huntington National Bank.

8. This court retains jurisdiction to enforce the terms of this Order.

# # #

Submitted by:

Leslie S. Osborne
Rappaport Osborne & Rappaport, PLLC
Counsel to the TRUSTEE
1300 N. Federal Hwy #203
Boca Raton, FL 33432
Tel: (561) 368-2200
Email: office@rorlawfirm.com
Florida. Bar No. 082313


Counsel to the Trustee shall serve a copy of this Order on all creditors on original matrix on file with the court and file a certificate of service with the court